UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| AUTO OWNERS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 2:08CV0026 AGF |
| BIEGEL REFRIGERATION AND ELECTRIC CO., INC., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on the parties' cross motions for summary judgment.[1] For the reasons set forth below, Defendant's motion shall be granted and Plaintiff's motion shall be denied.

## BACKGROUND

The record establishes the following. In 1968, husband and wife B. Joseph and Mary Biegel ("the Biegels") incorporated a Missouri company named Biegel Refrigeration and Electric Co. ("Biegel Refrigeration"), which they operated in a building they owned. In February 1984, Mary Biegel transferred her ownership interest in the building to Joseph Biegel. In April 1984, the Biegels sold Biegel Refrigeration and the company entered into a five-year lease agreement with the Biegels for use of the building.

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Although Mary Biegel no longer was an owner of the building, both she and Joseph Biegel were listed as "Lessors" in the lease agreement. The lease was renewed for two additional five-year terms, through March 1999. Under a clause in the lease entitled "INDEMNITY AND PUBLIC LIABILITY," Biegel Refrigeration agreed to

> save [the Biegels] harmless from all loss, liability, cost or damages that may occur . . . on or about the premises . . . resulting from any act done or omission by or through [Biegel Refrigeration], its . . . employees . . . or any person on the premises by reason of [Biegel Refrigeration's] use or occupancy . . . of said property and any and all loss, cost, liability or expense resulting therefrom . . . .

Biegel Refrigeration further agreed "to maintain comprehensive public liability insurance . . . protecting and indemnifying [the Biegels] . . . ." It appears, however, that Biegel Refrigeration never obtained liability insurance naming the Biegels as additional insureds.

On October 8, 1998, Dale Lewis, an employee of Biegel Refrigeration, was injured in an elevator accident on the leased premises. At the time of Lewis's accident, Joseph Biegel was personally covered by a separate liability insurance policy issued by Auto Owners Insurance Co. ("Auto Owners"), a Michigan corporation and Plaintiff herein. Upon being placed on notice of Lewis's potential legal claim, and years before Lewis filed suit, the Biegels notified Auto Owners of Lewis's potential claim. (Pl.'s Statement of Uncontroverted Facts, ¶ 14.)

On April 21, 2003, Lewis filed suit in Missouri state court against Joseph and Mary Biegel, as the purported owners of the premises, for common law negligence in the maintenance of the elevator and for negligence arising from the failure to comply with

2

several Missouri statutory requirements for inspection, maintenance, and repair of the elevator. On May 30, 2003, the Biegels made demand upon Biegel Refrigeration for indemnity and to assume the defense. In June 2003, the Biegels were advised that they were not listed as additional insureds on Biegel Refrigeration's liability policy, and Biegel Refrigeration also refused to defend and indemnify the Biegels under the lease indemnity provision.

On July 15, 2003, while the injury suit was pending, Joseph Biegel passed away, and a Suggestion of Death was filed in the Lewis litigation on August 11, 2003. A Defendant ad Litem was appointed, pursuant to Missouri Revised Statutes § 537.021,[2]

---

[2] This section provides in relevant part as follows:

1. The existence of a cause of action for an injury to property, for a personal injury not resulting in death, or for wrongful death, which action survives the death of the wrongdoer or the person injured, or both, shall authorize and require the appointment by a probate division of the circuit court of:

\* \* \*

(2) A personal representative of the estate of a wrongdoer upon the death of such wrongdoer; provided that, if a deceased wrongdoer was insured against liability for damages for wrongdoing and damages may be recovered from the wrongdoer's liability insurer, then the court in which any such cause of action is brought shall appoint at the request of the plaintiff or other interested party a qualified person to be known as a defendant ad litem. The defendant ad litem when so appointed shall serve and act as the named party defendant in such actions in the capacity of legal representative of the deceased wrongdoer and such appointment and any proceedings had or judgment rendered in such cause after such appointment shall be binding on the insurer of such deceased wrongdoer to the same extent as if a personal representative had acted as the legal representative of such deceased wrongdoer in such cause of action. Should the plaintiff in such cause of action desire to satisfy any portion of a judgment rendered thereon out of the assets of the estate of such deceased wrongdoer, such action shall be

and thereafter, by court order dated November 2, 2004, Mary Biegel was substituted as the Defendant ad Litem for Joseph Biegel. On February 22, 2005, Joseph Biegel, "by and through his Defendant ad Litem, Mary Biegel, and Mary Biegel, individually," entered into an "Assignment" agreement with Auto Owners, pursuant to which the Biegels purported to assign their indemnification rights, under the lease, to Auto Owners. In the same document, the Biegels granted Auto Owners "their respective limited power of attorney" to bring a third-party petition for indemnity against Biegel Refrigeration in Lewis's lawsuit. (Def. Ex. E, Doc. #31-7.)

On March 10, 2005, the defendants in Lewis's lawsuit (Mary Biegel as Defendant ad Litem for Joseph Biegel, and as an individual) filed a third party complaint against Biegel Refrigeration. On December 12, 2005, the state court granted the defendants summary judgment on Lewis's claims against them. The Missouri Court of Appeals affirmed the grant of summary judgment as to Mary Biegel on the ground that she had relinquished ownership rights to the premises prior to Lewis's accident, but reversed the grant of summary judgment on the common law negligence claim against Mary Biegel as Defendant ad Litem for Joseph Biegel. Lewis v. Biegel, 204 S.W.3d 354 (Mo. Ct. App. 2006).

---

maintained against a personal representative appointed by the probate division of the circuit court and the plaintiff shall comply with the provisions of the probate code with respect to claims against decedents' estates.

On January 25, 2008, Lewis dismissed his lawsuit without prejudice and on February 6, 2008, the third-party action was dismissed without prejudice. On October 7, 2008, Lewis refiled an action in state court for common law negligence against only Mary Biegel as Defendant ad Litem for Joseph Biegel. Contemporaneous with the state court petition, the parties filed a joint motion for the appointment of Mary Biegel as Defendant ad Litem for Joseph Biegel. This motion was granted on October 27, 2008. Trial is set in that action for September 21, 2009.

Meanwhile, on May 9, 2008, Auto Owners filed the present action in this Court against Biegel Refrigeration, for indemnity and breach of contract, based upon this Court's diversity jurisdiction. Relying on the February 2005 assignment, Auto Owners asserts that Biegel Refrigeration refused to honor its indemnification obligations under the lease and failed to maintain comprehensive public liability insurance as required by the lease. Auto Owners alleges that it has consequently incurred, and will continue to incur, costs and expenses, including attorneys fees and litigation costs, and payment of any settlement or judgment that may be entered in Lewis's suit, up to the limit of liability in its policy insuring Joseph Biegel.

Auto Owners now asserts that based on the undisputed facts, it is entitled to summary judgment, contending that Biegel Refrigeration is contractually obligated to indemnify the Biegels; the Missouri courts would hold that the indemnity clause of the lease agreement covers Lewis's claims, including claims for Joseph Biegel's own negligence; and enforcement of the indemnity clause is not precluded by the Missouri

5

workers' compensation statute. These contentions are all dependent upon Auto Owners' further assertion that the assignment to it of the indemnity claim was valid.

In opposition to Plaintiff's motion, and in support of its own motion for summary judgment, Biegel Refrigeration argues that the Defendant ad Litem's assignment of Joseph Biegel's contractual indemnity claim was not valid, and that Auto Owners therefore has no cause of action for contractual indemnity. Biegel Refrigeration argues that under Missouri law, any contractual indemnification rights which Joseph Biegel may have had under the lease could have been assigned to Auto Owners by Joseph Biegel's personal representative, but that no probate estate was opened for Joseph Biegel and thus no personal representative was appointed within the permitted one-year time frame. Biegel Refrigeration also asserts that Auto Owners is not entitled to summary judgment because the indemnity provision does not cover claims for Joseph Biegel's negligence; questions of fact are presented regarding coverage; and the indemnity claim is barred by the workers' compensation statute.

With respect to the assignment issue, Auto Owners continues to assert that the assignment was valid, and posits that the fact that Joseph Biegel died prior to trial should not allow Biegel Refrigeration to avoid its indemnity obligation. Auto Owners further asserts that it makes no sense to hold that, under Missouri law, a defendant ad litem has legal rights inferior to those of a legal representative of a deceased's estate.

**DISCUSSION**

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); First S. Co. v. Jim Lynch Enterps., Inc., 932 F.2d 717, 718 (8th Cir. 1991). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. United Fire & Cas. Co. v. Gravette, 182 F.3d 649, 654 (8th Cir. 1999). In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the nonmoving party and that party must be given the benefit of all reasonable inferences that can be drawn from the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The task of a federal court sitting in diversity is to attempt to predict how the forum state's highest court would resolve a question which it has not squarely decided. Allstate Ins. Co. v. Blount, 491 F.3d 903, 908 (8th Cir. 2007). Biegel Refrigeration relies primarily on American Home Assurance Co. v. Pope, 487 F.3d 590 (8th Cir. 2007). American Home involved an action for declaratory judgment filed by an insurance company seeking a declaration that it (the insurer) had no duty to defend or indemnify its deceased insured in an underlying lawsuit for the deceased's negligence. Recognizing a distinction between a personal representative and a defendant ad litem, the Eighth Circuit held that under Missouri law, the defendant ad litem in that case could not bring a

7

counterclaim against the deceased's liability insurer for bad faith handling of the insurance claim. Id. at 605.

In reaching this conclusion, the Eighth Circuit explained as follows:

> To determine whether [the Defendant ad Litem] had the legal right to make such claims, we must examine the place of defendants ad litem under Missouri law and their distinction from personal representatives. In Missouri, causes of action survive an injured party's death and may be brought by that party's personal representative, as appointed by the probate court. Mo. Rev. Stat. § 537.020. Similarly, injured parties may maintain a cause of action against deceased parties. Mo. Rev. Stat. § 537.021.1(2). If a deceased tortfeasor is insured and the injured party seeks recovery from the insurer only, the court will appoint a defendant ad litem for the deceased. Id. On the other hand, if the deceased tortfeasor is uninsured, or if the injured party wishes to recover any part of a judgment from the assets of his estate rather than the insurance policy, the court will appoint a personal representative to stand in place of the deceased in the proceedings. Id. The distinction seems relatively simple: the court appoints a personal representative whenever the assets of the estate are potentially involved, and a defendant ad litem whenever the sole assets involved are those of the deceased's insurer. See In re Estate of Hayden, 837 S.W.2d 31, 32 (Mo. Ct. App. 1992).
>
> If defendants ad litem were given the authority to sue for tort claims on behalf of the estate, as [the Defendant ad Litem] contends, it would render the state-law distinction between defendants ad litem and personal representatives meaningless. Missouri makes this distinction because "the 'real defendant' [in suits against a defendant ad litem] is the liability insurer." Atlanta Cas. Co. v. Stephens, 825 S.W.2d 330, 333 (Mo. Ct. App. 1992). By asserting his counterclaims, [the Defendant ad Litem] is attempting to expand the limited scope of his status as defendant ad litem by asserting independent claims that belong to the estate, of which he is not the personal representative under Missouri law.

Id. at 605.

8

Auto Owners seeks to distinguish American Home on the ground that that case "held only that extra-contractual claims could not be brought by the defendant ad litem against an insurance carrier," and argues that American Home "cannot reasonably read to stand for the proposition . . . that a defendant ad litem somehow has inferior rights to that of a personal representative." (Doc. #39 at 7.) The conclusion that the rights of a personal representative and a defendant ad litem are different, however, is wholly consistent with the limited purpose and scope of the appointment of the latter. The Court finds Auto Owners' argument and attempts to distinguish this case to be unpersuasive, and believes that under the authority of American Home, the assignment upon which Auto Owners bases its claim is invalid.

Nor is the Court persuaded that this interpretation permits Biegel Refrigeration unfairly to escape its indemnity obligation by virtue of Jopseh Biegel's death, or by virtue of the election of Lewis to appoint a defendant ad litem. Auto Owners had various ways to protect its interests in this matter, one of which was to request that a probate estate be opened. In this regard, the Court notes that Auto Owners had prompt notice of Lewis's potential claim, and that formal notice of Joseph Biegel's death was filed well prior to the expiration of the period during which a probate estate could have been opened and a personal representative appointed.

The cases relied upon by Auto Owners are inapposite. In Stemley v. Downtown Medical Building, Inc., 762 S.W.2d 43 (Mo. 1988), the Missouri Supreme

Court held, as Auto Owner's correctly states, that a contractual indemnity claim survives the death of the indemnified party. And <u>Federal Insurance Co. v. Gulf Insurance Co.</u>, 162 S.W.3d 160 (Mo. Ct. App. 2005), explains that contractual indemnity agreements are to be enforced (even over an "other insurance" clause in an insurance policy). But neither case stands for the proposition that a deceased insured's indemnity rights may be assigned by the deceased's defendant ad litem to the deceased's insurer.

In sum, the Court concludes that Missouri courts would hold that a defendant ad litem does not have the authority to assign contractual rights that belong to the deceased defendant, and more specifically, does not have the authority to assign the deceased's contractual indemnity rights to the deceased's liability insurer. On this basis, Biegel Refrigeration is entitled to summary judgment in this action. In light of this conclusion, it is unnecessary for the Court to address the remaining arguments asserted by the parties in connection with Auto Owners' motion for summary judgment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**. [Doc. #29].

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**. [Doc. #24].

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of September, 2009.